# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN SANTORO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 2297 |
| ) | |
| MICHAEL ASTRUE, ) | Magistrate Judge Sheila Finnegan |
| Commissioner of Social Security, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John Santoro filed an action seeking review of the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 416, 423(d). On February 7, 2011, the Court remanded the case to the Administrative Law Judge ("ALJ") for further evaluation. Plaintiff now seeks to recover his attorneys' fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), arguing that the Commissioner's position in defending the decision of the ALJ was not "substantially justified." For the reasons set forth here, the application for fees is granted.

## BACKGROUND

Plaintiff applied for DIB on April 7, 2006, alleging that he became disabled on March 30, 2005 from an array of ills, principally discogenic and degenerative back disorders. The Social Security Administration ("SSA") denied his application initially and on reconsideration. Following an administrative hearing, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform light work with only occasional climbing,

balancing, stooping, kneeling, crouching, crawling, and overhead reaching with his left arm, and is not disabled within the meaning of the Act. The SSA Appeals Council denied Plaintiff's request for review, so he sought relief in this Court under 42 U.S.C. § 405(g).

In support of his motion to reverse the Commissioner's decision, Plaintiff argued that the ALJ (1) erred in finding that his condition significantly improved following a June 28, 2005 microlaminectomy surgery, (2) improperly weighed the medical opinions of record, and (3) issued a decision not supported by substantial evidence. The Court agreed with the first two arguments, noting that the ALJ "barely mentioned" the medical findings of treating physician Dr. James B. Boscardin, and failed to determine what weight to give his opinions. *Santoro v. Astrue*, No. 09 C 2297, 2011 WL 528257, at *8 (N.D. Ill. Feb. 7, 2011). The Commissioner attempted to "salvage the ALJ's conclusion by supplying his own, lengthy discussion of Dr. Boscardin's treatment records," but the Court observed that "[a]n agency's lawyers cannot 'defend the agency's decision on grounds that the agency itself had not embraced.'" *Id.* (quoting *Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010)).

The parties agreed that the ALJ did discuss Dr. Boscardin's April 10, 2008 opinion that Plaintiff had continuing symptoms "compatible with chronic radiculopathy" and was unable to work due to this pain. In rejecting this opinion, however, the ALJ merely cited boilerplate language regarding 20 C.F.R. § 404.1527(d), and never mentioned that Dr. Boscardin, who had treated Plaintiff since 1993 and performed all four of his back surgeries, appeared to be the only board-certified orthopaedic surgeon to examine Plaintiff. *Id.* at *9. Nor did the ALJ discuss any of Dr. Boscardin's treatment notes prior to April 2008. *Id.* The Court rejected Plaintiff's perfunctory and undeveloped third argument that

2

the medical evidence and testimony "overwhelmingly support a finding that Mr. Santoro is disabled," but remanded the case based on the other cited errors. *Id.* at *10.

On March 25, 2011, Plaintiff filed a timely application for fees in the amount of $7,149.69.[1] (Doc. 27 ¶ 7; Doc. 27-1). *See Shalala v. Schaefer*, 509 U.S. 292, 302 (1993). The Commissioner objects that Plaintiff is not entitled to any fees in this case.

## DISCUSSION

### A. Standard of Review

Under the EAJA, a court may award attorneys' fees to a prevailing party in a civil suit against the government if the government's position was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A). It is undisputed that Plaintiff has prevailing party status. *Schaefer*, 509 U.S. at 300. Thus, the only issue is whether the government's position was substantially justified; that is, whether it was "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). "A position taken by the Commissioner is substantially justified if it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009). The EAJA is "not an automatic fee-shifting statute," so merely prevailing in a lawsuit against the government does not entitle a party to fees. *Brady v. Astrue*, No. 08 C 4216, 2011 WL 767881, at *1 (N.D. Ill. Feb. 28, 2011) (citing *Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009)). That said, to avoid an award of fees, the Commissioner must prove that "both his pre-litigation conduct, including the

---

[1] There is some confusion regarding the correct fee amount, but based on Plaintiff's Itemization of Services, it appears that he seeks 41.75 hours of work at $171.25 per hour, which is $7,149.69. (Doc. 27 ¶ 7; Doc. 27-1; Doc. 32, at 1).

3

ALJ's decision itself, and his litigation position were substantially justified." *Id.* (citing *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006)).

**B.      Analysis**

The Commissioner argues that his position in defending the ALJ's decision was substantially justified because Dr. Boscardin's treatment notes reflect "variable findings" and "subjective complaints of pain," which reasonably support the ALJ's conclusion that Plaintiff is not disabled.  (Doc. 30, at 7).  The Commissioner then supplies a detailed recitation of the notes the ALJ omitted, and states his belief that they "d[o] not depict a disabled individual." (*Id.* at 4-7).  This argument fails to acknowledge the fact that the ALJ ignored the well-established treating physician rule by providing no indication as to the weight he gave most of Dr. Boscardin's opinions.  *Santoro*, 2011 WL 528257, at *8. Indeed, the ALJ selectively discussed Dr. Boscardin's February 2006 assessment that Plaintiff showed marked improvement and was neurologically intact with only occasional back pain, and simultaneously disregarded other records showing that Plaintiff continued to suffer from significant symptoms.  For example, the ALJ said nothing about (1) a "markedly positive tension sign" in December 2005 that prompted Dr. Boscardin to prescribe five separate pain medications (R. 169); (2) complaints of "a lot of low back problems" in May 2006 coupled with a new prescription for Vicodin Extra Strength (R. 167); and (3) a reported "need to deal with this chronic nerve irritation" in June 2006.  (R. 410).

The ALJ did discuss Dr. Boscardin's April 10, 2008 opinion that Plaintiff was unable to work due to continuing symptoms "compatible with chronic radiculopathy."  (R. 562). He also reasonably determined that this opinion was not entitled to controlling weight based on contrary findings from two state agency physicians, including Dr. Mahesh Shah.  Yet the

4

ALJ failed to take the next step and indicate how much weight he gave the April 2008 opinion as required by 20 C.F.R. § 404.1527(d). The Commissioner contends that this omission does not justify an award of fees because the ALJ nonetheless gave "good reasons" for rejecting Dr. Boscardin's April 2008 opinion. (Doc. 30, at 7). The Court disagrees.

In discrediting the April 2008 opinion, the ALJ first stated that Dr. Shah performed the most "thorough physical examination" of Plaintiff in August 2006. (R. 17). However, Dr. Shah is an internist who saw Plaintiff for less than 45 minutes on one occasion, whereas Dr. Boscardin is a board-certified orthopaedic surgeon who treated Plaintiff since 1993, performed all of his back surgeries, and provided the most recent evaluation of his condition. (R. 362). The ALJ also found that Plaintiff's May 2006 MRI supported Dr. Shah's evaluation, but he failed to mention that the MRI showed the presence of scar tissue, which the radiologist who performed the MRI concluded was "likely contributing to a right S1 radiculopathy." (R. 188). Neither of the ALJ's stated rationales qualifies as a good reason to reject Dr. Boscardin's August 2008 opinion outright without any discussion of the factors set forth in 20 C.F.R. § 404.1527(d).

Viewed as a whole, the Commissioner's position did not have a reasonable basis in law and fact given that the ALJ failed to address, much less weigh, significant evidence from a treating physician, including evidence that did not support his ultimate conclusion. In the absence of substantial justification for the Commissioner's position, Plaintiff is entitled to an award of fees. *See Strocchia v. Astrue*, No. 08 C 2017, 2010 WL 5367634, at *2 (N.D. Ill. Dec. 14, 2010) (granting award of EAJA fees and noting that "[a]n ALJ's obligation

to state why a treating physician's opinion is not given controlling weight is well-established.")

The Commissioner does not dispute the amount of fees requested, and acknowledges that Plaintiff has assigned those fees to his attorney. (Doc. 27-4). The Commissioner asks, however, that he be allowed to "evaluate the propriety of directing payment to the attorney pursuant to [that] assignment," noting that EAJA fees are "subject to offset" in the event Plaintiff has "relevant federal debts." (Doc. 30, at 9) (citing *Astrue v. Ratliff*, 130 S.Ct. 2521, 2528 (2010)). Plaintiff's counsel has no knowledge of any outstanding federal debts owed by her client, but has no objection to the government sending her payment after confirming that fact. (Doc. 32, at 5). With this understanding, Plaintiff is awarded $7,149.69.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion for Attorney's Fees [27] is granted in the amount of $7,149.69.

ENTER:

Dated: May 4, 2011

_____
SHEILA FINNEGAN
United States Magistrate Judge